IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN FRANKLIN MILAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-893-F |
| | ) WO |
| | ) |
| TALLAPOOSA COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which John Franklin Milan ["Milan"], a county inmate, contends that his constitutional rights are being violated during his confinement in the Tallapoosa County Jail.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Tallapoosa County Jail and his challenge to the constitutionality of the jail's inmate grievance procedure are due to be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**I. DISCUSSION**

**A. The Tallapoosa County Jail**

Milan names the Tallapoosa County Jail as a defendant in this cause of action. A

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, the claims against the Tallapoosa County Jail are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## B. The Jail Grievance Procedure

Milan complains that he "got no response" and "no answer" from jail personnel to a grievance he filed in violation of the administrative rules of the jail. *Plaintiff's Complaint* at 2. This claim entitles Milan to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [Constitution]." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). The claims presented by Milan relative to the grievance procedure utilized at the Tallapoosa County Jail therefore provide no basis for relief under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va.

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

1994); *Buckley*, 997 F.2d at 495; *Azeez*, 568 F.Supp. at 10.  Additionally, although 42 U.S.C. § 1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing a civil action under § 1983, "[t]he failure of a State [or county] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C. § 1997e(b).

In light of the foregoing, the court concludes that Milan's challenge to the grievance procedure implemented at the Tallapoosa County Jail is frivolous as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327.  Such claim is therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Tallapoosa County Jail and his challenge to the inmate grievance procedure be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Tallapoosa County Jail be dismissed as a defendant in this cause of action.

3. The plaintiff's claim with respect to the denial of a large print Bible be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before October 5, 2005 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

                                          /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE